JAMES CLARK *v.* THE STATE.

(*Jackson.* April Term, 1929.)

Opinion filed June 17, 1929.

Taylor, Adams & Freeman, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for the State.

Mr. Justice Swiggart delivered the opinion of the Court.

The evidence upon which the plaintiff in error was convicted of unlawfully possessing and transporting intoxicating liquor is that the town marshal was summoned to the Clark home by the wife of the plaintiff in error, who told the marshal over the telephone that the plaintiff in error was "fighting her." On arrival the marshal saw the plaintiff in error on the porch of the house and observed that he was cursing and was under the influence of whisky. Without conversation the wife asked the mar-

shal into the house and carried him to an outhouse, with the statement that she wanted to show him something; and there opened a trapdoor and disclosed the presence of three containers of whisky. When the whisky was brought out the plaintiff in error said that the whisky was as much his wife's as his own.

Reversal of the conviction is sought upon the ground that the evidence should have been excluded because obtained by an unreasonable and unconstitutional search of the home of the plaintiff in error.

It may well be doubted that the conduct of the officer amounted to a search. He was not looking for whisky, or for evidence of the guilt of the plaintiff in error. He was not guilty of a trespass, since the dominancy of the husband as the head of a household could not warrant a holding that a wife may not summon a peace officer and authorize his entry into the home for the purpose of protecting her from physical violence at the hands of her husband. The presence of the officer in the home of the plaintiff in error, under the facts stated, was not therefore unlawful.

There is no statute which forbids the State from introducing as evidence of guilt, in a prosecution for crime, testimony or physical evidence obtained by officers by means of an unreasonable search in violation of the constitutional guaranty. The exclusion of such evidence is by rule of court, deemed necessary to prevent the flaunting of the constitution and the invasion of the constitutional rights of citizens. *Hughes* v. *State,* 145 Tenn., 544, 565-566, 20 A. L. R., 639.

In *Hughes* v. *State, supra,* this court said:

"The State, having through its executive representatives produced the evidence of a violation of the law by one of its citizens by means prohibited by the Constitu-

tion, cannot be permitted through its judicial tribunal to utilize the wrong thus committed against the citizen to punish the citizen for his wrong; for it was only by violating his constitutionally protected rights that his wrong has been discovered. It is no answer to say that it matters not how a citizen's sins have been found out. Security from unlawful search is the right guaranteed to the citizen, even for the discovery of the citizen's sins. This right we must protect, unless we may with impunity disregard our oath to support and enforce the Constitution. The experience of our forefathers with unlawful searches and seizures was deemed by the people who framed the Constitution sufficient to warrant the provision by which in instances even the guilty might escape detection and punishment. We are not to be understood as holding that all evidence obtained by unlawful means is inadmissible, but only where in cases such as we have here the evidence offered has been produced by violating the constitutional protection against unlawful searches and seizures.''

In *Amos* v. *United States,* 255 U. S., 313, 65 L. Ed., 654, it was held that a wife did not waive the constitutional rights of her husband to be free from unreasonable search, when she admitted to his home officers who came, without warrant, demanding admission to make search under governmental authority.

Our case of *Hampton* v. *State,* 148 Tenn., 155, is in accord therewith, on the principle that the security of the individual against search is not waived by the failure of the owner of premises to resist search when confronted by an officer asserting the right.

In the case before us there was no demand by the officer and no announced purpose or design to search the premises. There was certainly no conscious or intended invasion of the constitutional rights of the plaintiff in

error which would bring his testimony within the policy of exclusion quoted hereinabove from *Hughes* v. *State*.

We hold, therefore, that the trial judge correctly admitted the testimony of the officer in evidence.

No evidence was offered by the plaintiff in error to rebut the *prima-facie* case of guilt established by the State.

Other assignments of error fail to reach the merits and are found to be without merit. An assignment that the trial judge permitted the officer to repeat in evidence a statement of the wife of the plaintiff in error, made in his absence, is groundless. The trial judge expressly ruled that this testimony was incompetent and sustained an objection thereto.

The judgment of the circuit court will be affirmed.