KAUFMAN *et al. v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

LYLE BURROW, of Bristol, for plaintiff in error.

NAT. TIPTON, Asst. Atty. Gen., for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiffs in error, Kaufman and Wright, have appealed from a conviction under a four count indictment, charging housebreaking, larceny, receiving stolen property and burglary by the use of explosives. They

were convicted upon each and every count, the jury fixing their punishment as follows: "Five years each for housebreaking, Five years each for larceny, Five years each for receiving stolen property, and Thirty years each for safe cracking". The trial judge overruled their motion for a new trial and pronounced judgment according to the verdict of the jury.

The assignments of error complain: (1) "that there is no material evidence to support the verdict of the jury"; (2) that the trial judge committed error in permitting witnesses to testify as to what was found in the defendants' car, the search being without a warrant and unlawful; (3) "the court erred in charging the jury that defendants could be found guilty on all four counts of the indictment. The court should have charged the jury that the lesser offenses merged in the greater".

The facts which gave rise to the indictment and conviction of the defendants may be briefly summarized as follows:

On December 19, 1948, the safe of the Holston Drug Company in Kingsport was broken open by the use of explosives. A considerable sum of money was taken from the safe, also a large stock of narcotics. Two days later an Arkansas Highway Trooper, near Hope, Arkansas, stopped the automobile in which the defendants were riding. According to these officers the occupants of the car were driving in a suspicious manner in that they refused to pass them. The defendants were placed under arrest and searched. Their automobile was also searched. It should be stated that the arrest and search of these men was not at the instance of any officer of the law of this State, nor at the suggestion of the prosecutor in this case. The Arkansas State Police made the arrest and

caused the search to be made solely upon their own initiative.

In the car was found a considerable quantity of narcotics of the same general character as that taken from the safe which had been robbed. One of the bottles of narcotics was positively identified by one of the clerks in the burglarized drug store by virtue of the fact that he had written some figures upon it when making a mid-year inventory. The figures "304" were in the handwriting of this attache or clerk and clearly appear in a photograph made an exhibit in the case. Both of the defendants appear to be narcotic addicts. In addition to the narcotics found in the car the defendants were possessed of a considerable sum of money, also a satchel of tools suitable for breaking into an iron safe. An officer of the City of Kingsport positively identified the defendants as having been seen in that city on December 17th or two days before the burglary, and two other witnesses identify them as having seen them in Kingsport shortly before the crime was committed.

The defense of Kaufman was that he was in Arkansas on the day of the robbery of the drug store. He testified he had driven to Poplar Bluff, Missouri, to meet a party from Lexington, Kentucky, and carried this party back to Little Rock. He claimed that he picked up a hitch hiker and the latter left two bags in the car, and the contraband which the officers found must have belonged to him.

The defendant, Wright, did not testify, but his mother testified that he was in Chicago with her on the date the crime is alleged to have been committed.

The jury discredited the defense of an alibi and returned a guilty verdict against them. The trial judge

refused to disturb it, and there is no reason for this Court to entertain a contrary view of the evidence. The weight of the evidence is not in favor of the defendants' innocence, provided the testimony of the Arkansas police as to what they found in the defendants' automobile was competent. We are frank to say that had this arrest and search been made in Tennessee by Tennessee officers the testimony would be inadmissible.

The Assistant Attorney General strongly insists "that the stoppage of this car was at the instance of the local authorities and not at the instance of the Sullivan County authorities", and that there is no question of agency upon the part of the Arkansas police. This insistence is in all things correct as shown by the undisputed evidence.

■ We think it fairly appears from the record that the Highway Patrolmen in Arkansas, at the time defendants were arrested, were undertaking to ferret out a crime that had been committed against the laws of that commonwealth. They were not subject to the Constitution and laws of Tennessee in the performance of their official duties when these defendants were arrested. Our Constitution has no extraterritorial effect. Moreover, as pointed out by the State's counsel, the principle of law which forbids the admissibility of evidence obtained by reason of any unlawful search does not proceed from any statutory prohibition, but is a judicial pronouncement for the preservation of constitutional rights of the citizens of Tennessee. Thus in *Clark* v. *State,* 159 Tenn. 215, 217, 17 S. W. 2d 916, it is said: "There is no statute which forbids the state from introducing as evidence of guilt, in a prosecution for crime, testimony or physical evidence obtained by officers by means of an unreasonable search in violation of the constitutional guar-

anty. The exclusion of such evidence is by rule of court deemed necessary to prevent the flaunting of the Constitution and the invasion of the constitutional rights of citizens. *Hughes* v. *State,* 145 Tenn. 544, 565, 566, 238 S. W. 588, 594 (20 A. L. R., 639).''

■ The officers of a foreign State who make an arrest are in the same plight, insofar as the jurisdiction of the courts ·of Tennessee is concerned, as private citizens of such foreign States. These defendants are not in a position to claim immunity from illegal search of their property under the Constitution and laws of this State. And we know of no authority holding that the protection granted by the Constitution and laws of Arkansas, if any, can be invoked as a shield against a prosecution for the violation of the laws of Tennessee.

■ The weight of authority seems to sustain the State's insistence that the evidence to be excluded must have been obtained unlawfully by officers of the jurisdiction in which it is sought to be offered. 24 A.L.R. 1424; 32 A.L.R. 414; 88 A.L.R. 362; 134 A.L.R. 827; and 150 A.L.R. 576. Most if not all the cases referred to in the annotations in A.L.R. above cited hold that evidence obtained as a result of an unlawful search by ·State officers is admissible in the Federal Courts. State officers seem to be considered as strangers to the administration of justice in the Federal Courts, or at least they are private citizens having no recognized official status. In our own case of *Johnson* v. *State,* 155 Tenn. 628, 630, 299 S. W. 800, 801, it was held: ''If a violation of a state law is disclosed by federal officers acting solely under the authority of the federal government, and without the connivance or aid of officers of the state, the authority of the federal officers to make the search is not a proper in-

quiry in a prosecution in the state court for an offense against the state. *Hughes* v. *State*, 145 Tenn. 544, 551, 238 S. W. 588, 20 A.L.R. 639.''

The search was held to be unlawful, however, because the lost warrant was procured at the instance of a State official.

█ We think that inasmuch as the Arkansas Highway police were not in any way amenable to our laws in arresting and searching defendants in their automobile, their authority to make the search cannot be made the subject of an investigation by the courts of this State.

█ Coming now to the third or last assignment of error, we hold that the trial judge was in error in sentencing the defendants to different terms of imprisonment under each count of the indictment. Our decisions are too numerous to require citation in which we have repeatedly held that the trial court has no legal authority to sentence a defendant for lesser crimes which were merged into the greater. The judgment of the trial court is modified so as to sentence the defendants to not less than 25 or more than 30 years in the State penitentiary. With this modification the case is affirmed.

All concur.