Argued October 29, affirmed November 13, petition for
rehearing denied December 11, 1957

## STATE OF OREGON *v.* OLSEN
### 317 P. 2d 938

S. H. *Burleigh,* La Grande, argued the cause for appellant. On the brief were Dixon, Burleigh & Swindley, La Grande.

*George L. Anderson, Jr.,* District Attorney, La Grande, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and ROSSMAN, BRAND, WARNER, McALLISTER and KESTER, Justices.

PERRY, C. J.

The defendant, having been tried and convicted in the Circuit Court of the State of Oregon for Union County for the crime of burglary not in a dwelling house, appeals.

Prior to the trial of this cause the defendant filed his motion to suppress as evidence certain articles obtained through a search of his automobile at Spokane, Washington, by police officers of that city. The trial court refused to grant the defendant's motion to suppress and permitted these articles to be admitted as evidence at the trial. This is presented by the defendant as the principal issue of error.

It is contended by the defendant that the search of his automobile made in Spokane, Washington, by the

officers of that city was an illegal search and, therefore, his motion to suppress the evidence obtained should have been sustained.

For the purposes of this opinion we shall assume, but not decide, that the rule followed by the Supreme Court of the United States, and many jurisdictions, to the effect that evidence belonging to an accused obtained through an illegal search by Federal or State officials in the prosecuting jurisdiction is not admissible in a trial against the accused, obtains in this state.

The question of the illegality of the search and seizure complained of by the defendant in this cause was considered and the search sustained as legal by the Supreme Court of the State of Washington. *State v. Olsen,* 43 Wn2d 726, 263 P2d 824.

We do not believe it is necessary to ground our decision upon the fact that it has already been determined by the Supreme Court of the state of Washington that the alleged illegal search was lawful and there was no infringement upon the constitutional rights of the defendant under the laws of that state.

■ It is a rule of universal application that the prohibition of the Fourth and Fifth Amendments of the Constitution of the United States and similar provisions contained in the state constitutions which protect individuals against illegal searches and seizures are limitations upon the powers of the Federal Government and state governments and their officers while acting in their official capacity or under color of right or authority of the governing body (47 Am Jur 506-507, Searches and Seizures §§ 7 and 8), the weight of authority being that the evidence to be excluded must have been the fruits of the unlawful acts of the prosecuting jurisdiction. See 24 ALR 1424; 32 ALR 414; 88 ALR 362; 134 ALR 827; 150 ALR 576. These prohibi-

tions limiting governmental authority do not, however, apply to wrongful searches and seizures by private individuals. *Walker v. Penner*, 190 Or 542, 227 P2d 316; *State v. Wills*, 91 W Va 659, 114 SE 261, 24 ALR 1398.

■ Where the inquiry is directed to the question of whether or not the evidence should be suppressed, a point of pertinent inquiry then is whether or not the jurisdiction offering the evidence has violated, through its officers, the constitutional rights of the defendant against unreasonable searches and seizures. This question arises most frequently when the search has been made by Federal officers and the evidence is offered in a trial of the defendant in a state court. See *State v. Arregui*, 44 Ida 43, 254 P 788, 52 ALR 463; *Walters v. Commonwealth*, 199 Ky 182, 250 SW 839; *State v. Rebasti*, 306 Mo 336, 267 SW 858; *State v. Gardner*, 77 Mont 8, 249 P 574, 52 ALR 454; *State v. Lacy*, 55 ND 83, 212 NW 442; *Johnson v. State*, 155 Tenn 628, 299 SW 800; *State v. Hiteshew*, 42 Wyo 147, 282 P 2.

It will be noted by a review of the above-cited authorities that the courts are not agreed that the evidence obtained by Federal officers through illegal search and seizure as prescribed by Federal law is to be suppressed in a prosecution in a state court, but an analysis of these cases leads to the fact that the different conclusions reached by the courts are based upon the question of whether or not the acting Federal officer is to be considered as a quasi official of the state where the seizure is made within the jurisdiction of the prosecuting state, it being held that the Federal officer having authority in that state to make searches and seizures, although through different sovereignty, is to be considered as an officer of the state, since the

Federal constitutional guaranty would in the particular state be to a large extent nullified.

■ The situation in the case before us, however, is entirely different. The question here presented is whether or not the police officers of a sister state making an illegal search are to be treated as officers operating under the Constitution of the state of Oregon or as private individuals when appearing in a state court. The answer is quite apparent. Police officers of the city of Spokane would have no authority to make a search under the laws of the state of Oregon or vice versa. The police officers of the city of Spokane are not in any manner amenable to the laws of this state in arresting and searching a person in the state of Washington. The evidence is conclusive that the arrest and search was made in Spokane and the search was not made at the instance and request of officers of the state of Oregon. In fact, the police officers of this state had no knowledge of the search and seizure until after the search and seizure had been made.

Assuming the acts of the Spokane police officers were wrongful in obtaining the articles of the defendant, their acts were done beyond the jurisdiction of this state and cannot be considered wrongful acts of the state of Oregon. *People v. Toughy*, 361 Ill 332, 197 NE 849; *Kaufman v. State*, 189 Tenn 315, 225 SW2d 75.

■■ The defendant also makes the following assignment of error:

"The Court erred in admitting in evidence plaintiff's exhibit L.1 (being a hammer claimed to have been taken from defendant's car in the search of January 21, 1953) and allowing the witness Donald F. McCall to testify concerning certain tests he made with a hammer and the spindle of a safe, and his opinion that the hammer with which he made

the tests was the same hammer which made marks upon the safe spindle for the reason that there was no sufficient evidence establishing the identity of the hammer with which the tests were made or that it was in fact the hammer which was taken from defendant's automobile."

This assignment of error fails to comply with the rules of this court. However, since this is a criminal case we have carefully examined the transcript of evidence and find no merit in this assignment.

The judgment of the trial court is affirmed.