**Verne YOUNG, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 18, 1958.

Rehearing Denied June 20, 1958.

John O. Hardin, Hopkinsville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Verne Young was tried and convicted in the Christian Circuit Court on a charge of storehouse breaking. All of the evidence upon which he was convicted was obtained as the result of an illegal search made in Missouri by peace officers of that state. The search was made in violation of the search and seizure provisions of the Missouri Constitution and in a manner repugnant to the spirit of like provisions in the Constitutions of the State of Kentucky and the United States. Article 1, Section 15 Constitution of Missouri, V.A.M.S., Sec-

tion 10, Constitution of Kentucky, Fourth Amendment, U. S. Constitution.

◾ In Kentucky we have long held that evidence obtained by officers of this state as a result of an illegal search made in this state is inadmissible at the trial of the person whose constitutional rights were violated by the search. Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303; Settles v. Commonwealth, 294 Ky. 403, 171 S.W.2d 999; Alred v. Commonwealth, Ky., 272 S.W.2d 44. It is insisted that the trial court erred in not applying the rule to the evidence introduced in this case and that the judgment of conviction should therefore be reversed.

◾ To properly deal with this contention we must bear in mind that the rule was created by this Court to give actual effect to the purpose of Section 10 of the Kentucky Constitution. Without such rule of evidence the constitutional guaranty against unreasonable search and seizure would be sadly lacking in verity.

The rule, then, is founded upon a violation of the Kentucky Constitution by Kentucky officers, and is a major part of the intended protection against illegal search and seizure. Without encroachment upon our constitutional guaranty we lose the reason for the rule. There can be no violation of Section 10 except within the territorial limits of this state and by officers of this state. In the present case neither locale nor officer can pass the qualifying test and we must therefore hold that there has been no constitutional violation upon which to lay the rule.

Though the manner of procuring the evidence was in violation of the Missouri Constitution and contrary to the spirit of our Constitution and that of the United States, we do not extend the application of the rule beyond an actual violation of our own Constitution. We therefore conclude that the evidence was properly admitted. For substantially the same conclusion under similar facts see Kaufman v. State, 189 Tenn. 315, 225 S.W.2d 75.

◾ Complaint is made because the indictment does not charge defendant with intent to *permanently* deprive the owner of this property and because the court did not instruct on this point. The indictment however charged defendant with "felonious intent to steal" and this point was properly covered by the instructions. We have answered this complaint in the grand larceny case of Stewart v. Commonwealth, 191 Ky. 538, 230 S.W. 950, 952, in which we said:

"* * * The felonious intention necessary to constitute larceny is the taking and carrying away the property of another, with the wrongful purpose of appropriating it to one's benefit and of permanently depriving the owner of it. *This intention is correctly stated in the use of the term 'steal.'*" (Our Emphasis.)

Finding no reversible error the judgment is affirmed.