457 P.2d 661 (1969)
STATE of Oregon, Respondent,
v.
William Richard BRYAN, Appellant.
Court of Appeals of Oregon, In Banc.
Argued and Submitted July 10, 1969.
Decided August 22, 1969.
Oscar D. Howlett, Portland, argued the cause and filed brief for appellant.
Billy L. Williamson, Deputy Dist. Atty., Portland, argued the cause for respondent. With him on brief was George Van Hoomissen, Dist. Atty., Portland.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT, BRANCHFIELD, JJ.
SCHWAB, Chief Justice.
Defendant was indicted, tried and convicted by jury of the crime of illegal possession of narcotics (marihuana). Defendant appeals on the ground that the marihuana was illegally seized, and, therefore, should not have been received in evidence. The marihuana was discovered and turned over to the police by persons acting in their private capacities and not with the participation or knowledge of any governmental official. Thus, the question on appeal is when persons who are not law enforcement officers, and who are not acting with the participation or knowledge of law enforcement officers, "search and seize," are the Constitutions of the United States or the State of Oregon violated.
*662 The defendant parked his car in a shopping center parking lot and left it. Some time later, two men, employed by the shopping center to supervise the parking lot, noted that the vehicle had been on the lot for what they deemed an unusual length of time. Following their normal practice in such instances, the parking lot attendants entered the car in an effort to determine the owner's name by finding the vehicle registration certificate. They did not find it on the sun visor and looked in the glove compartment. There they found a package of marihuana and letters addressed to the defendant. They called the police, and defendant's indictment, prosecution and conviction followed.
The parking lot attendants, in entering the vehicle, were not acting with the participation or knowledge of the police or any other governmental officials, nor were they self-appointed investigators looking for marihuana or evidence of criminal conduct.
The Fourth Amendment of the United States Constitution does not give protection against searches and seizures by other than governmental agencies. As was said in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159 (1921):
"The Fourth Amendment gives protection against unlawful searches and seizures, and as shown in the previous cases, its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies. * * *." 256 U.S. at 475, 41 S.Ct. at 576.
Article I, § 9, of the Oregon Constitution does not prohibit the admission of evidence so seized. State v. Olsen, 212 Or. 191, 193-194, 317 P.2d 938 (1957); Walker v. Penner, 190 Or. 542, 548, 227 P.2d 316 (1951).
Defendant, in effect, argues that Burdeau has been overruled by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961) and Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). We find no jurisdiction which has so held. Wolf Low v. United States, 391 F.2d 61, 63 (9th Cir.), cert. den. 393 U.S. 849, 89 S.Ct. 136, 21 L.Ed.2d 119 (1968); People v. Cheatham, 263 Cal. App.2d 458, 69 Cal. Rptr. 679, 681 (2d Dis., Div. 5, 1968); People v. Horman, 22 N.Y.2d 378, 292 N.Y.S.2d 874, 239 N.E. 2d 625, 627-628 (1968), cert. den. 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 699 (1969).
Affirmed.