Argued August 23, reversed and remanded November 18, 1974

STATE OF OREGON, *Respondent, v.* JOHN
GREGORY WALKER (No. 5629), *Appellant.*

528 P2d 113

*Dennis A. Hachler,* Pendleton, argued the cause for appellant. With him on the brief were Hachler & Ridgway, Pendleton.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant seeks reversal of his conviction for criminal activity in drugs, assigning as error the denial of his motion to suppress evidence. Two questions are presented: (1) Is an assistant school principal who searches a student a governmental agent subject to the limitations of the Fourth Amendment or, instead, a private citizen not subject to such limitations; (2) if applicable, what are the governing Fourth Amendment standards in the context of a search of a student at school? For the reasons that follow, our answer to the first question is that he is a governmental agent, and we find that the present record is insufficient to reach the second question.

On the morning of February 15, 1974, Mr. Alfred Meunier, the assistant principal at Hermiston High

School, was given a tip by a student that defendant had "hard drugs" in his possession and was selling them. Mr. Meunier telephoned the Hermiston Police Department and informed Lt. Grant Asher of the situation. During the conversation Lt. Asher said he felt Mr. Meunier had the right to search defendant; Meunier replied that he knew he did.

Mr. Meunier went to defendant's classroom and invited him to the school office. Upon arrival at the office, Mr. Meunier related his suspicion to defendant and then ordered him to empty his pockets. Defendant emptied his trouser pockets, revealing some $40 in cash. After questioning defendant about the cash, Mr. Meunier told him to take his sweater-vest off. Defendant took his sweater-vest partially off and started to put it on again. Just as he did so, Mr. Meunier observed a slight bulge in defendant's shirt pocket. Mr. Meunier then reached in the shirt pocket and removed three bags of amphetamines. Mr. Meunier then called the police department and reported the results of his search. Lt. Asher arrived and took defendant into custody.

■ The exclusionary rules arising from the Fourth Amendment apply only to searches and seizures by federal, state and municipal officers and not to those by private citizens unless they are acting at the direction of or under sovereign authority. In *State v. Bryan,* 1 Or App 15, 457 P2d 661 (1969), we quoted *Burdeau v. McDowell,* 256 US 465, 41 S Ct 574, 65 L Ed 1048, 13 ALR 1159 (1921):

> " 'The Fourth Amendment gives protection against unlawful searches and seizures, and as shown in the previous cases, its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint

upon the activities of sovereign authority, and was not intended to be a limitation upon other than government agencies. * * *' 256 US at 475." 1 Or App at 17.

We also said in *Bryan*:

"* * * Article I, § 9, of the Oregon Constitution does not prohibit the admission of evidence so seized. *State v. Olsen,* 212 Or 191, 193-94, 317 P2d 938 (1957); *Walker v. Penner,* 190 Or 542, 548, 227 P2d 316 (1951)." 1 Or App at 17.

A number of courts have taken the position that school officials, acting alone, are private persons for the purposes of the exclusionary rule. *In re Christopher W.,* 29 Cal App3d 777, 105 Cal Rptr 775 (1973); *In re Donaldson,* 269 Cal App2d 509, 75 Cal Rptr 220 (1969); *People v. Stewart,* 63 Misc2d 601, 313 NYS2d 253 (NYC Crim Ct 1970). These courts generally reason that the Fourth Amendment prohibition against unreasonable searches and seizures requires the exclusion of evidence only where the unreasonable search is made by a law enforcement officer.

Other courts have held that a school official acting alone in conducting a search is a governmental agent for purposes of the exclusionary rule. *State v. Baccino,* 282 A2d 869, 49 ALR3d 973 (Del Super 1971); *State in the Interest of G.C.,* 121 NJ Super 108, 296 A2d 102 (1972).

So far as we can determine, Oregon has not previously passed upon the question of whether public school administrators are public officials whose acts lie within the scope of the Fourth Amendment and its exclusionary rule.

■ School districts are governmental agencies. *Monaghan v. School District No. 1,* 211 Or 360, 315 P2d

797 (1957). Hermiston High School is organized under the laws of Oregon and is part of School District 8-R. Assistant principal Meunier is employed by that district and takes his orders through two superiors from the school district. When Mr. Meunier brought defendant to his office and searched him he was acting in his capacity as assistant principal on school property during school hours. It would be incongruous for us to conclude the assistant principal was acting in the capacity of a private person. We thus find that Mr. Meunier was acting as a public official and it follows that the Fourth Amendment right of the defendant to be free from unreasonable searches and seizures has application here.

Whether Mr. Meunier was a governmental agent or a private person was the sole question considered at the motion to suppress hearing. When defense counsel attempted to elicit facts relevant to the reasonableness of the search, such as the identity and prior reliability of the informant, the prosecutor objected

> "* * * whether or not there was probable cause for this particular individual [Meunier] to do what was done is irrelevant. It's a [private] citizen's search and therefore the constitutional provisions do not apply."

Defense counsel disagreed with that contention citing cases that hold the Fourth Amendment is applicable to searches by school officials. The trial court then ruled that

> "* * * [t]he Vice Principal was not a police officer and he was not a representative of the State of Oregon, and the * * * Constitution does not apply to those types of searches and seizures."

and denied the motion to suppress. Because of the

court's ruling, the facts relevant to the reasonableness of the search were never developed.

■■ As presently constituted this record is inadequate for a determination of whether Fourth Amendment standards are met in connection with the search of a student at school. It may be that the normal probable cause standard is applicable. *See* Annotation, 49 ALR3d 978 (1973). If so, the relevant inquiry would be whether the student who told Meunier that defendant was in possession of drugs was a "reliable informant." Under the citizen-informer rule, reliability could be established by revealing the informant's identity. *State v. Bauer,* 16 Or App 443, 519 P2d 96, Sup Ct *review denied* (1974); *State v. Bidwell,* 14 Or App 679, 514 P2d 559 (1973), Sup Ct *review denied* (1974); *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972); *State v. Poteet,* 9 Or App 231, 495 P2d 783, Sup Ct *review denied* (1972).

The remaining question concerns the proper disposition of this case. Normally we would reverse and remand for a new trial. However, in *State v. Blackford,* 16 Or App 217, 517 P2d 1196 (1974), we discussed cases that hold the error committed did not warrant a new trial but only remand for supplemental proceedings. Because here the prosecution advanced and the trial court quickly, albeit erroneously, adopted a theory that made the facts surrounding the search irrelevant, that disposition is appropriate in this unusual situation.

The judgment of conviction is reversed and this case is remanded for a supplemental suppression hearing in accordance with the views expressed in this opinion. If the court finds that the evidence establishes

that the search was constitutionally reasonable, it shall make appropriate findings and enter a new judgment of conviction based on said findings and the verdict heretofore returned by the jury. If the court finds that the evidence establishes that the search was not constitutionally· reasonable, it shall make appropriate findings and enter an order allowing the state a reasonable time in which to elect whether to retry the defendant.

Reversed and remanded for further proceedings consistent with this opinion.