In the Matter of James Wade Gage, a child.

## STATE ex rel JUVENILE DEPARTMENT OF CLACKAMAS COUNTY,

*Respondent,*

*v.*

## GAGE,

*Appellant.*

(No. J 79-11-47, CA 16862)

617 P2d 282

John H. Kelley, Milwaukie, argued the cause for appellant. With him on the brief was Redman, Carskadon & Knauss, Milwaukie.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by James W. Gage, a minor, from a trial court order making him a ward of the court. On review he assigns as error (1) the court's ruling denying his motion to suppress statements made by him to the principal of the school he attended, and (2) the subsequent seizure from James' home of stolen property which was the subject of the inquiry. On *de novo* review, we affirm.

On November 28, 1979, the principal of the school James attended discovered that a roll of school lunch tickets valued at $700 had been stolen. He undertook an investigation by stationing himself in the cafeteria and waiting to determine if any of the stolen tickets would appear. They did. About 20 students possessing such tickets were questioned and all indicated that the tickets had been purchased from James. The principal called James out of class to the principal's office and, without giving him any *Miranda*[1] warnings, he and the vice principal began questioning defendant about the theft. At first, James denied any knowledge of the crime, but, upon being informed that a number of students had inculpated him, he admitted taking the tickets. The principal testified that James was not free to leave the office and would have been detained had he attempted to do so. James testified he did not feel at liberty to depart.

James was then taken to his home where his father was informed of the incident. James' father delivered the tickets to the principal, who then drove to the police station to report the episode. James was taken to the police station where he made other inculpatory statements which were suppressed by the trial court and are not before us on appeal. A petition was

---

[1] *Miranda v. Arizona,*384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

filed on November 29, 1979, to make James a ward of the court under ORS 419.476(1)(a).[2] Trial on stipulated facts followed and James was committed to the custody of the Children's Services Division.

Turning to the first assignment of error, our research has failed to disclose a case in any jurisdiction, nor has any been called to our attention, where an appellate court has considered the issue of the application of the so-called *"Miranda* warning" rule to the interrogation by school authorities of students suspected of possible criminal violations.

In *State v. Walker,* 19 Or App 420, 528 P2d 113 (1974), however, which involved a search of defendant's person for contraband by an assistant principal, we held that the general exception to the exclusionary rule for the fruits of searches made by private citizens was not applicable to school officials acting under sovereign authority.

■ ■ After reviewing the record, we conclude that we need not reach the *Miranda* issue. Even assuming arguendo (a) that the *Miranda* rule applies to the questioning of James by the school principal in the principal's office, and (b) that the admission into evidence of James' answers to their questions was error, nevertheless, for reasons which follow, we hold the same to be harmless error beyond a reasonable doubt. *State v. Van Hooser,* 266 Or 19, 26-27, 511 P2d 359 (1973). The parties stipulated to the potential availability of the statements of 20 students who bought tickets from James. The statements of the buyers of these tickets constituted an independent source of proof that James took them. This would have been a sufficient reason for further investigation, including bringing the matter to the attention of James' father.

---

[2]

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city. * * *" ORS 419.476(1)(a).

James' father, by all indications, cooperated fully and voluntarily in returning the tickets and turning them over to the principal. Thus, the procurement of the stolen tickets from the father was not tainted by the challenged statements. The tickets were therefore admissible in evidence. *State v. McKendall,*36 Or App 187, 192-93, 584 P2d 316 (1978); *State v. Paz,* 31 Or App 851, 872-74, 572 P2d 1036 (1977), *rev den* 282 Or 189 (1978).

Affirmed.