On appellant's petition for reconsideration filed October 28,
reconsideration allowed, former opinion (48 Or App 405,
617 P2d 282) adhered to as modified December 8, 1980,
reconsideration denied January 15,
petition for review denied February 24, 1981 (290 Or 519)

In the Matter of James Wade Gage, a child.

## STATE ex rel JUVENILE DEPARTMENT OF CLACKAMAS COUNTY,
*Respondent,*

*v.*

## GAGE,
*Appellant.*

(No. J 79-11-47, CA 16862)

624 P2d 1076

Patrick D. Gilroy, Judge (Amended Order of Commitment).

John H. Kelley and Redman, Carskadon & Knauss, Milwaukie, for petition.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

In his petition and brief for reconsideration, the minor takes exception, inter alia, to a statement that "[t]he parties stipulated to the potential availability of the statements of 20 students who bought tickets from James [the minor]," and that the same constituted an independent source of proof that James took the tickets.

James is correct in pointing out that the above statement was in error.

The relevant portion of the stipulation reads:

"On November 27, 1979, he [the school principal] discovered one thousand school lunch tickets missing from their appropriate location in the student store. That he investigated and found that tickets with numbers indicating that they were among those stolen were being used by students at the school. That based on conversations with the students he questioned James Wade Gage in the principal's office on November 28, 1979. * * * "

This requires that we consider the *Miranda* issue, which we did not reach in our prior opinion: namely, whether defendant was entitled to *Miranda* warnings[1] before the principal and vice principal began to interrogate him with respect to his involvement in the theft in order to render his statements subsequently admissible in juvenile proceedings charging him with theft.

As we stated in our previous opinion, we have found no case where an appellate court has held that *Miranda* warnings must be given by school authorities before questioning students concerning possible misconduct or wrongdoing. In *Fare v. Michael C.,* 442 US 707, 99 S Ct 2560, 61 L Ed 2d 197, 207 n 4 (1979), the court observed:

" * * * This court has not yet held that Miranda applies with full force to exclude evidence obtained in violation of its proscriptions from consideration in juvenile proceedings, which for certain purposes have been distinguished from formal criminal prosecutions."

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

In *State v. Walker,* 19 Or App 420, 528 P2d 113 (1974), which involved a search of defendant's person for contraband by an assistant principal, we held that the general exception to the exclusionary rule for the fruits of searches made by private citizens was not applicable to school official acting under sovereign authority:

"School districts are governmental agencies. *Monaghan v. School District No. 1,* 211 Or 360, 315 P2d 797 (1957). Hermiston High School is organized under the laws of Oregon and is part of School District 8-R. Assistant principal Meunier is employed by that district and takes his orders through two superiors from the school district. When Mr. Meunier brought defendant to his office and searched him he was acting in his capacity as assistant principal on school property during school hours. It would be incongruous for us to conclude the assistant principal was acting in the capacity of a private person. We thus find that Mr. Meunier was acting as a public official and it follows that the Fourth Amendment right of the defendant to be free from unreasonable searches and seizures has application here." *State v. Walker, supra,* Or App at 423-24.

Even assuming *arguendo* that the principal was a public official and that in-custody interrogation by him required *Miranda* warnings, this was not a custodial situation in the constitutional sense. The matter was still in the investigative stage. The trial court stated:

"The Court does not consider statements of this nature given to school officials under the circumstances to come within any constitutionally protected rights that is [sic] asserted here by this child.

"In the totality of the circumstances, it's apparent to the Court that the child was no less free to go than any other child at school that day. Of course, all children in Oregon have to attend school during the school day. And in a sense, are not free to leave their classes. But the Court does not feel that this child was in custody or under arrest, or under any restraint of liberty in a criminal sense.

"And, likewise, the Court has some doubt as to whether the other prong, the Miranda requirement, be proof of interrogation as shown here. It appears to the Court that the principal was investigating the absence of certain tickets that had to do with lunches at the school. I have

serious doubts that this would constitute a criminal inter-rogation."

We agree.

It follows that the statements made by the juvenile to the school principal were admissible and the subsequent obtaining of the tickets from the juvenile's father was lawful.

Reconsideration allowed. Former opinion adhered to as modified.