In the Matter of
Miguel Taylor, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Miguel TAYLOR,
*Appellant.*

(8605-80104; CA A69651)

850 P2d 390

Katherine A. Osborn, Portland, argued the cause for appellant. With her on the brief were Julie H. McFarlane and Juvenile Rights Project, Inc., Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Child appeals from two orders of the juvenile court. The first order found him to be within the court's jurisdiction because of acts that, if committed by an adult, would constitute burglary in the first degree, ORS 164.225(1), and unlawful use of a weapon. ORS 166.220(1). The second order denied his motion for new trial under ORCP 71B(1)(b) and ORS 419.529. We affirm.

Portland police received a 911 call from a residence. The caller said that a person named Jose was in the house and was trying to kill them. When police arrived at the residence, they found child and several other non-residents in the house. The residents of the house seemed frightened and reluctant to speak. The officers discovered several loaded weapons on the bathroom floor. They arrested child, another juvenile and four adults.

Child first assigns error to the trial court's admission into evidence of the tape of the 911 call. The child objected to the tape on hearsay grounds; the court ruled that the tape was admissible under OEC 803(2), because it disclosed an excited utterance, and that admission of the tape did not violate child's right to confront witnesses under the Oregon and United States Constitutions. On appeal, child contends that the prosecution must either show that the declarant is "unavailable" or produce the declarant, who is also a child, for a competency hearing to satisfy his confrontation rights under both constitutions.

■ Assuming that the court erred in admitting the tape, any error was harmless and, on *de novo* review, we affirm the juvenile court's finding of jurisdiction without consideration of the 911 tape. ORS 419.561. The petition alleged that child committed burglary in the first degree and unlawful use of a weapon. After his arrest, child made incriminating statements to a police officer. Child does not challenge the admission of his statements. He said that he was living with Jose Gonzales, one of the adults arrested at the residence. Gonzales called several people over to his house the night of the incident. Child said that Gonzales was having a conflict with someone who lived at the burglarized residence and the group drove over to that house. When they arrived, Gonzales

distributed weapons and told the group, "We're going to war." Child was given a loaded shotgun and he and the others followed Gonzales into the house. Child admitted that he threatened the life of one of the residents with the gun. He also said that he pulled the phone cord out of the wall. Child admitted that he was not forced to participate, but acted voluntarily, as a friend of Gonzales.

■■    Child contends that the juvenile court's error is not harmless because, without the tape, there is no evidence corroborating his confession that he possessed a weapon, intended to use a weapon, or forcibly entered or unlawfully remained in the house.

ORS 136.425 requires that some evidence corroborate a confession:

"(1)   A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; *nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed.*" (Emphasis supplied.)

The statute does not require the prosecution to present independent proof establishing the "corpus delicti." *State v. Lerch*, 296 Or 377, 397, 677 P2d 678 (1984). Instead, the words "some other proof" in the statute require "enough evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed." 296 Or at 398.

■    Other evidence corroborates child's statements. When police arrived at the scene, the occupants hesitated to open the door. Child was in the kitchen with several men. He told the police that no one had called and that they could not enter without a search warrant. Once the police entered, they found the residents of the house frightened and reluctant to speak. The officers saw that one of the residents was "basically surrounded" by the men in the kitchen. Ms. Mandez, one of the residents, and several children were sitting on the bed in a back bedroom. They appeared frightened and some of the children had been crying. The phone in the bedroom had been pulled from the wall. Officers found a "recently made" bullet hole in the floor of the bedroom and

discovered several loaded weapons, including a shotgun, on the bathroom floor. One of the men arrested was armed with a handgun and ammunition for another of the weapons found in the bathroom.

From these facts, we infer that child and others in the group threatened the residents of the house with weapons. This inference tends to establish that the crimes alleged in the petition were committed by child. The circumstantial evidence and child's statements together establish, beyond a reasonable doubt, that child engaged in conduct which, if done by an adult, would constitute first degree burglary and unlawful use of a weapon. The juvenile court properly found that child was within its jurisdiction under ORS 419.476(1)(a).

Child also assigns error to the court's denial of his motion for a new trial under ORCP 71B(1)(b). He alleges that unexpected testimony by Mandez in the trial of two adult defendants constituted newly discovered evidence under ORCP 71. The trial court ruled that ORCP 71 did not apply in the juvenile context but, if ORCP 71 did apply, Mandez's testimony was not newly discovered evidence under that rule, and relief under ORS 419.529 was not justified by the facts.

Regardless of whether ORCP 71 or ORS 419.529 provides the specific basis for relief, the critical issue is the same: whether Mandez's testimony was newly discovered evidence that requires a new hearing. On our review of the record, we agree with the trial court that Mandez's testimony does not warrant a new hearing.

The state did not call Mandez during the juvenile court hearing. The child's counsel was informed of that and was told where Mandez could be located. Child's counsel made no attempt to locate Mandez or interview her. He has not made a showing that her testimony was not reasonably available at his hearing.

In order for the "new evidence" to justify a new trial, child must show that the evidence would probably have changed the result of the hearing. *State v. Williams*, 2 Or App 367, 468 P2d 909 (1970). At the adults' trial, Mandez testified that she was in a bedroom when the group of people came in; she did not know if anyone let them in and did not know who

fired the shot into the floor. Her testimony would have been of very little help to child and certainly would not have changed the result of the hearing. The trial court did not abuse its discretion in denying the motion for new trial.

Affirmed.