778 P.2d 1290

**STATE of Arizona,
Appellee–Cross–Appellant,**

v.

**Kevin Michael WRIGHT,
Appellant–Cross–Appellee.**

**No. 1 CA–CR 12169.**

Court of Appeals of Arizona,
Division 1, Department C.

Feb. 7, 1989.

Review Denied Sept. 19, 1989.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Janet Keating, Asst. Atty. Gen., Phoenix, for appellee/cross-appellant.

Roberson & Shelley by Jerrold F. Shelley, Yuma, for appellant/cross-appellee.

## OPINION

BROOKS, Presiding Judge.

Appellant (defendant) has appealed from the judgments of conviction entered upon jury verdicts finding him guilty of attempted second degree murder, a class 2 felony; first degree burglary, a class 3 felony; and two counts of aggravated assault, both class 3 felonies. He has also appealed from the sentences thereafter imposed—concurrent prison terms, the longest of which is an aggravated term of 15 years for attempted second degree murder, with credit for 117 days of presentence incarceration. Defendant was also ordered to pay restitution to the victim in the amount of $18,839.38.

On appeal, defendant, who was 16 years old at the time of the offense, argues that the trial court should have granted his motion to suppress statements that he had made to his policeman-father, as well as evidence discovered as a result of those statements. The state has cross-appealed, urging that the trial court erroneously refused to instruct the jury on "knowing" attempted second degree murder. We affirm the judgments and sentences, and finding the cross-appeal to be moot, we decline to address it.

## FACTS

Defendant, accompanied by a friend, went to the residence of an acquaintance to steal parts for an all-terrain vehicle. He was carrying a loaded .22 caliber pistol that he had removed from his home. When the boys arrived at the residence and defendant stated his intention to enter the garage, defendant's companion refused to go in with him. Defendant entered alone and was attempting to remove property from the garage when the victim confronted him. Defendant shot the victim seven times and then fled from the scene, leaving his friend behind.

One of the police officers who arrived at the scene was defendant's father, Sergeant Wright. He saw his son's friend there and knew that the boys were supposed to be together. When the victim's description of his assailant matched that of defendant, Sergeant Wright telephoned home and asked to speak with his son. He described the incident that he was investigating and asked defendant whether they had "a problem with the shooting." Defendant said yes, and Sergeant Wright indicated that he would be coming home.

When Sergeant Wright arrived at home, defendant was waiting for him in the den. Sergeant Wright questioned defendant for three to four minutes in the presence of defendant's mother and older brother. He did not advise defendant of his *Miranda* rights. Defendant admitted that he had assaulted the victim and, although initially reluctant to comment further, eventually told his father where he had hidden the gun. Sergeant Wright then placed his son in handcuffs and called for a patrol car so that other officers could take the boy to the police station.

Later, at department headquarters, Sergeant Wright obtained permission to speak to defendant as father to son. Defendant, by then informed of his rights, was in the process of confessing to other officers when Sergeant Wright interrupted, recommending that the boy say nothing further without first speaking with an attorney. Defendant then invoked his right to remain silent and requested an attorney.

## MOTION TO SUPPRESS STATEMENTS

Defendant argues that the trial court erred in failing to suppress the statements that he had made to his father. The trial court's ruling on the admissibility of a confession will not be disturbed on appeal absent clear and manifest error. *State v. Garrison*, 120 Ariz. 255, 585 P.2d 563 (1978). Defendant contends that the court's refusal to suppress was erroneous on two grounds.

First, he contends that his statements should have been suppressed as the product of a custodial interrogation conducted without benefit of *Miranda* warnings.

Second, he complains that considering the totality of the surrounding circumstances, particularly the father-son relationship, his statements were involuntary.

Defendant supports his first contention by stressing that when Sergeant Wright questioned him, he was acting as a police officer, and not as a father. The state does not quarrel with this point. Indeed, the evidence demonstrates that Sergeant Wright was on duty, in uniform, and conducting an investigation in his official capacity when he obtained his son's confession. Nevertheless, the trial court found that defendant had not been "in custody" when questioned by Sergeant Wright and, accordingly, denied defendant's motion to suppress on this ground.

*Miranda* warnings are required only when the restriction on a person's freedom is such as to render him "in custody." *State v. Perea*, 142 Ariz. 352, 690 P.2d 71 (1984); *accord, Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Whether a person is "in custody" for this purpose is determined by the application of an objective test. *Perea*, 142 Ariz. at 354, 690 P.2d at 73. The test is whether a reasonable person would feel deprived of his freedom in a significant way. *Id.* Factors that are strongly indicative of custody include: (1) the site of the interrogation; (2) whether the investigation has focused on the accused;[1] (3) whether the objective indicia of arrest are present; and (4) the length and form of the interrogation. *Id.* at 355, 690 P.2d at 74; *see also State v. Carter*, 145 Ariz. 101, 105, 700 P.2d 488, 492 (1985).

An examination of the foregoing factors reveals no clear and manifest error in the trial court's determination that defendant was not "in custody" when he made inculpatory statements to his policeman-father. It is true that Sergeant Wright's investigation had focused on defendant. Sergeant Wright admitted that he left the scene of the crime and returned home intending to arrest his son. Never-

theless, *Miranda* warnings are not required merely because the questioned person is one whom the police suspect. *Perea*, 142 Ariz. at 355, 690 P.2d at 73. Further, as the trial judge observed:

> The site of the questioning was probably the least "coercive" imaginable, having been conducted in the den of the defendant's home in the presence of his older brother and his mother. There was no objective evidence other than the presence of the father, whether as a father or investigating officer, to suggest the defendant was not free to leave, and in fact he waited at home for his father to arrive. Finally, the interrogation lasted, per Sgt. Wright, not more than three or four minutes and the defendant does not suggest otherwise. Probably it lasted even less than three minutes, considering both the father and the son's description of it. *Miranda* warnings were not required.

Second, defendant contends that because of the unique relationship between him and his interrogator, his statements were involuntary and should have been suppressed on that basis. Again, we find no error.

Confessions are prima facie involuntary, and the state must prove by a preponderance of the evidence that a defendant's statements were freely and voluntarily made. *State v. Hensley*, 137 Ariz. 80, 669 P.2d 58 (1983). The voluntariness of a confession is assessed in light of "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Id.* at 88, 669 P.2d at 64 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854, 862 (1973)). A juvenile's confession is evaluated according to the same standards. *State v. Toney*, 113 Ariz. 404, 555 P.2d 650 (1976). Factors to be considered include the juvenile's age, intelligence, education, experience, and ability to comprehend the meaning and effect of his statement. *Id.* at 407, 555 P.2d at 653. At the time of his confession,

---

1. Arizona caselaw is inconsistent with respect to the relevance of this factor. *Compare State v. Cruz-Mata*, 138 Ariz. 370, 372–73, 674 P.2d 1368, 1370–71 (1983), *with Perea and Carter*. In order to resolve any doubts in favor of defendant, we have included that factor in our analysis.

defendant was almost 17 years old. He was a reasonably mature, intelligent young man with approximately 11 years of education. He knew that he was in serious trouble. He had been informed of his constitutional rights by police officers on at least two previous occasions. We find no indication in the record that defendant lacked the capacity to make a voluntary confession.

Furthermore, defendant does not allege that his confession was obtained by means of any force, threats, or promises. As previously noted, the physical setting in which the statements were made was not inherently coercive, and the questioning was very brief. Moreover, defendant conceded that he had told his father what had happened because he knew that he "was in trouble and it was just best to tell the truth." Finally, with respect to the impact of the parent-child relationship on the voluntariness of defendant's confession, the trial court explained:

> The defendant contends that in any event his statements at his home could not be considered voluntary, given the relationship of the questioner to the defendant. Certainly his counsel's argument that the child was reared to tell the truth to his father, to expect the father to protect him, etc., is moving in considering whether his statement was voluntary. But it is just that sort of child-rearing that results in people making voluntary confessions, and there is nothing wrong with it. Just because the father in this instance happens to be a uniformed police officer does not equate the child's upbringing by him to "coercive police activity." Neither can it reasonably be concluded that the combination of that upbringing and the fact that the father was in uniform when he questioned his son constitutes coercive police activity.

■ We agree with the trial court's conclusion. A parent, even one who is a police officer, does not, by admonishing a

child to tell the truth, preclude the admission of the child's otherwise voluntary statements. *See, e.g., State v. Thompson,* 287 N.C. 303, 214 S.E.2d 742 (1975), *modified,* 428 U.S. 908, 96 S.Ct. 3215, 49 L.Ed.2d 1213 (1976). We hold that the mere fact that the police officer who questioned defendant was his father, when considered within the context of the remaining facts and circumstances of this case, was insufficient to render his confession involuntary.

Pursuant to A.R.S. § 13–4035, we have reviewed the record for fundamental error and have found none. The judgments and sentences are affirmed.

KLEINSCHMIDT and CONTRERAS, JJ., concur.