Argued and submitted June 25, reversed October 13, 1982

In the Matter of David Wayne Killitz,
a child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
*Respondent,*

*v.*

KILLITZ,
*Appellant.*

(No. 78-203, CA A22613)

651 P2d 1382

David J. Phillips, Eugene, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This case involves the admissibility of incriminating statements made by a junior high school student while being questioned in the principal's office by a police officer. A resolution of the case turns on whether defendant was in "custody" for *Miranda* purposes when the statements were made. If he was in custody, the statements are not admissible, because he was not advised of his rights before the interrogation began. If he was not in custody, the statements are admissible.

Defendant was charged with having committed an act that, if done by an adult, would be a violation of ORS 164.215, Burglary in the Second Degree. The court found that he committed the act and thus found him to be within the jurisdiction of the Juvenile Court. ORS 419.476(1)(a). Defendant assigns as error the denial of his motion to suppress the evidence on which the finding of jurisdiction was based. We conclude that the motion to suppress should have been granted, and we reverse.

### FACTS

Defendant was summoned to the principal's office, as he had been on previous occasions. Students are obliged to respond to these directives; if they do not appear, they are sought out. When defendant arrived at the office, he was instructed to wait outside. At the time, another student was in the office being questioned. That student implicated defendant in the burglary.

After defendant was ushered into the office, the police officer questioned him about the burglary. The officer was in uniform and armed. The principal was present. Neither the officer nor the principal told defendant he was free to leave. During the interrogation, defendant made incriminating statements about the burglary. He was then sent back to class. The following day, defendant was again questioned by the same police officer and made further incriminating statements, under substantially the same circumstances as the day before. This proceeding followed.

### DECISION AND DISCUSSION

Because the statements at issue were elicited in response to police questioning, "interrogation" did take

place. The issue is whether the interrogation was "custodial" within the meaning of *Miranda,* so that defendant should have been advised of his rights before the questioning occurred. In *State v. Paz,* 31 Or App 851, 572 P2d 1036 (1977), this court set forth criteria for determining when an interrogation is custodial: (1) whether defendant could have left the scene of the interrogation voluntarily; (2) whether defendant was being questioned as a suspect or merely as a witness;[1] and (3) whether defendant freely and voluntarily accompanied the officer to the place of questioning.

Here, the *Paz* indicia of custodial interrogation are all present. *First,* defendant was not free to leave during the interrogation. He was in school during regular hours, where his movements were controlled to a great extent by school personnel. Defendant was interrogated by an armed, uniformed police officer in the principal's office with the principal present. Neither the police officer nor the principal said or did anything to dispel the clear impression communicated to defendant that he was not free to leave.[2] *Second,* the fact that another student had implicated defendant in the burglary indicates that he was being questioned as a suspect rather than as a witness. *Third,* defendant cannot be said to have come voluntarily to the place of questioning. He would likely have been subject to the usual school disciplinary procedures had he not complied with the principal's request that he come to the office. In addition, defendant did not know that a police officer awaited him at the principal's office. He can hardly be said to have come voluntarily to the place of police questioning when he had no idea a police officer would be present.

---

[1] In *State v. Roberti,* 293 Or 59, 644 P2d 1104, 293 Or 236, 646 P2d 1341 (1982), the Supreme Court held that, at least where the interrogating officer has made the determination to arrest the defendant, *Miranda* warnings must be given, regardless whether defendant is aware of the officer's decision. Nothing in *Roberti* casts doubt on the applicability of the *Paz* factors, where evidence of the police officer's state of mind does not aid the custody determination. Here, although another student had implicated defendant in a burglary, the record does not indicate that the officer had decided before interrogating defendant to take him into formal custody.

[2] *Cf. State v. Fields,* 291 Or 872, 635 P2d 376 (1981) (holding that interview held in probation office and conducted by police officer after probationer was told he was not under arrest or obligation to answer questions did not constitute custodial interrogation).

For these reasons, we hold that defendant was so deprived of his freedom of action as to render his interrogation custodial.

The state argues that *State ex rel Juv. Dept. v. Gage,* 49 Or App 599, 624 P2d 1076 (1980), is controlling and requires a different result. In *Gage,* defendant was questioned by school authorities regarding the theft of school lunch tickets from within the school. There was no official police involvement. The court held that *Miranda* warnings were not required, apparently because the questioning occurred without police participation and for a school-related purpose, and was, therefore, not a criminal investigation. In contrast, where a police officer conducts an inquiry regarding criminal activity that took place outside school, the criminal nature of the investigation is manifest. *Gage* does not control under the circumstances presented here.

The factual basis for jurisdiction is derived entirely from the statements defendant made in the two interrogations. Because his motion to suppress those statements should have been granted, the order of jurisdiction is reversed.

Reversed.