752 P.2d 519

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. JV–110720.**

**No. 1 CA–JUV 412.**

Court of Appeals of Arizona, Division 1, Department C.

March 29, 1988.

Thomas E. Collins, Maricopa County Atty. by Brian E. Wellendorf, Deputy Co. Atty., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Anthony J. Raineri, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

The juvenile in this case was charged with second degree burglary, theft, and criminal damage. Pursuant to a plea agreement, he was pronounced guilty of second degree burglary and found to be delinquent. The juvenile court followed recommendations of the juvenile's probation officer and examining psychologist to commit the juvenile to the Department of Corrections. The court additionally or-

dered him to pay $177 in restitution. The juvenile filed a timely appeal.

The juvenile admits that he committed the burglary, but claims that the sentencing court abused its discretion in committing him to the Department of Corrections; the court failed, he claims, to adequately assess mitigating circumstances such as his age, mental condition, and past social and family history.

■ The disposition of a delinquent juvenile is within the discretion of the juvenile court under A.R.S. § 8–241(A)(2). *See Juvenile Appeal J–78070*, 24 Ariz.App. 248, 537 P.2d 976 (1975). The juvenile court's disposition will not be disturbed absent a clear abuse of discretion. *Juvenile Appeal J–86715*, 122 Ariz. 300, 594 P.2d 554 (App. 1979).

■ The juvenile correctly asserts that the sentencing court should consider not only the circumstances of the offense but mitigating factors such as the character and past conduct of the offender. *See State v. Miller*, 120 Ariz. 224, 585 P.2d 244 (1978). However, the record in this case demonstrates that the juvenile court was aware of and took into consideration the juvenile's age (14 years), his transient lifestyle, and his unstable family life. The court also properly noted and considered the psychological evaluation and testimony of Gregory Young, Ph.D., a court-appointed psychologist. Dr. Young commented on the juvenile's high "potential for further acting out in an aggressive, hostile manner against others" and his "highly delinquent personality profile, one which is becoming increasingly more sociopathic in time." He reported that the juvenile should "be considered a danger to society." Pronouncing it "doubtful that any form of outpatient counseling will prove effective," Dr. Young recommended "that the subject be seriously considered for commitment to the State Department of Corrections with an eye towards residential treatment in a confined setting for the long term."

Upon this evidence we find no abuse of discretion in the trial court's commitment of the juvenile to the Department of Cor-

rections. We turn to the trial court's order of restitution.

█ As reflected by the trial court's minute entry of April 30, 1987, the juvenile "agreed that restitution will remain available on all counts adjudicated or dismissed." Such an agreement is permissible. *See State v. Phillips,* 152 Ariz. 533, 534, 733 P.2d 1116, 1117 (1987). However, we find no indication that the juvenile was advised, prior to the trial court's acceptance of his guilty plea, of the specific amount or approximate range of restitution.

In *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), and *State v. Lukens,* 151 Ariz. 502, 729 P.2d 306 (1986), our supreme court discussed restitution in the context of adult criminal guilty pleas. In *Lukens* and *Phillips,* the court determined that a pleading adult must be aware, within a range of reasonable approximation, of the restitution liability flowing from his plea in order to knowingly agree to pay restitution. In *Crowder* the court added that a pleading defendant's inadequate knowledge of his restitution exposure will only render a plea agreement involuntary where such knowledge would have been consequential to the defendant's decision whether or not to enter the plea. The court wrote that "a defendant should not be allowed to vacate a plea bargain unless the information he lacked was actually relevant to the decisionmaking process." 155 Ariz. at 481, 747 P.2d at 1180.

In *Juvenile Appeal J–985,* 155 Ariz. 249, 745 P.2d 996 (App.1987), Division Two of this court vacated an order of restitution because the juvenile court failed, before accepting a juvenile's guilty plea, to adequately inform him of the restitution that might follow from his plea. The court stated:

> The landmark United States Supreme Court decision *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that constitutional due process guarantees apply in juvenile proceedings, specifically providing a minor with the right to counsel and the Fifth Amendment privi-

lege against self-incrimination. Because *Gault* requires juveniles generally to be afforded the same protections as adults in similar situations, we believe the standards set forth in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), dealing with adult pleas of guilty are likewise applicable to juveniles who admit delinquency allegations in juvenile court. *Cf. Maricopa County Juvenile Court Action No. J–72804,* 18 Ariz.App. 560, 504 P.2d 501 (1972).

At 250, 745 P.2d at 997.

The court concluded that a juvenile, like an adult, must be reasonably aware of his restitution obligation in order to knowingly agree to pay restitution. We adopt and follow that portion of the court's holding.

The court went on to contrast A.R.S. § 13–603(C), which mandates court-ordered restitution upon convictions in adult proceedings, with A.R.S. § 8–241(C)(1), the juvenile restitution statute. The latter statute provides:

> C. *The court shall,* after considering the nature of the offense and the age, physical and mental condition and earning capacity of the child, *order* the following dispositions for a delinquent child, either as exclusive dispositions or in addition to the dispositions provided by subsection A, paragraph 2 of this section:
>
> 1. To make *full or partial restitution* to the victim of the offense for which the child was adjudicated delinquent. The court shall notify the victim of the dispositional hearing. The court may consider a verified statement from the victim concerning damages for lost wages, reasonable damages for injury to or loss of property and actual expenses of medical treatment for personal injury, excluding pain and suffering.

(Emphasis added.)

Division Two, stating that § 8–241(C) "does not contain the mandatory language of the adult restitution statute," disposed of *J–985* by vacating the restitution order alone and affirming the juvenile court's remaining adjudication and disposition.

We are unable to follow this dispositional aspect of Division Two's decision. In our view, although A.R.S. § 8–241(C)(1) provides the juvenile court with discretion to award less than *full* restitution to a victim, it mandates at least *partial* restitution. The award may be small in consideration of "the nature of the offense and the age, physical and mental condition and earning capacity of the child," but the statute requires that some restitution be awarded. The trial court in this case recognized its statutory obligation to award some restitution. Its order of $177 in restitution reflects the dual determination (1) that such an amount was appropriate given the circumstances of the juvenile, and (2) that the victim or victims sustained damages of at least that amount. As we said in *State v. Dampier*, 157 Ariz. 222, 756 P.2d 319, (App. 1987), "Just as the trial court cannot...ignore the obligation to award appropriate restitution, neither can the court of appeals." At 225, 756 P.2d at 322. In our view, to affirm, as Division Two did, by striking the restitution order and leaving the rest of the juvenile disposition intact would be to ignore the obligation to award appropriate restitution.

We reach a different disposition, which we adapt from *Crowder*. The supreme court there prescribed a multistep voluntariness inquiry. The first step is to determine the pleader's knowledge of his restitution liability; such inquiry is not limited to the plea agreement or to the transcript of entry of the plea, but extends to the entire record to determine what the pleader "knew from any source." 155 Ariz. at 479, 747 P.2d at 1178. If the extended record does not reflect that the pleader has sufficient knowledge of his restitution exposure to enable the court to categorize his agreement to pay restitution as "knowing," then, as a second stage of inquiry, "the court must ... determine whether such lack of knowledge was relevant and material to the making of the plea agreement." 155 Ariz. at 482, 747 P.2d at 1181. Only if "the approximate amount of restitution was unknown to defendant and was a relevant and material factor in de-

fendant's decision to plead" must the trial court give the defendant the opportunity to withdraw from the plea. If the question of restitution was inconsequential to the pleader's decision making process, then his lack of knowledge of his restitution exposure at the time of the plea does not entitle him to withdraw from the plea, but only "to an evidentiary hearing to determine the exact amount of restitution he must pay." *Id.*

*Crowder* recognized that such an inquiry is ill suited to appeal and should be conducted by the trial court in adult proceedings through petition for post-conviction relief pursuant to Rule 32.1, Arizona Rules of Criminal Procedure. The criminal rules, however, are generally inapplicable to juvenile proceedings. *Juvenile Appeal J–86715*, 122 Ariz. 300, 594 P.2d 554 (App. 1979); *State ex rel. Dandoy v. Superior Court*, 127 Ariz. 184, 619 P.2d 12 (1980). Occasionally, the courts have drawn upon procedures followed in adult prosecutions and applied them to juvenile cases. In *Dandoy*, our supreme court held that mental competency must be determined in juvenile proceedings by application of the procedures established for adult prosecutions by Rule 11, Arizona Rules of Criminal Procedure. 127 Ariz. at 187, 619 P.2d at 15. We need not decide in the present case, whether the remedies and procedures embodied in Rule 32, Arizona Rules of Criminal Procedure, are available to juveniles. Rather, we fashion a disposition under Rule 27(a)(4) of the Rules of Procedure for the Juvenile Court. According to that rule, this court is not limited to affirming or reversing a juvenile disposition upon appeal; we may "[t]ake such other actions as to the court may appear just and proper under the circumstances." We have indicated that we find the juvenile court's disposition a proper exercise of its discretion, *assuming* that the plea can withstand voluntariness inquiry under *Crowder*. We are unable to conduct such voluntariness inquiry, given the record on appeal. Instead, pursuant to Rule 27(a)(4), we remand this case to the juvenile court for a voluntariness hearing and for further proceed-

ings consistent with this opinion. At the conclusion of such proceedings, the appeal rights set forth in Rule 24, et seq., Rules of Procedure for the Juvenile Court, shall apply.

CORCORAN and SHELLEY, JJ., concur.