Argued and submitted September 24, affirmed December 22, 1993

In the Matter of
Loredo, Nicholas, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Nicholas LOREDO,
*Appellant.*

(9005-81220; CA A74769)

865 P2d 1312

Kenneth McNeil argued the cause for appellant. With him on the brief were Theodore M. Brindle and McKeown & Brindle, P.C.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Child, age 13, appeals from a juvenile court order that found him to be within the jurisdiction of that court for an act which, if committed by an adult, would constitute rape in the first degree. ORS 163.375. The issue is whether statements that child made to a police officer should have been suppressed because the officer did not give *Miranda* warnings to child before questioning him in the school principal's office. We hold that warnings were not required in this case, and affirm.

On November 6, 1991, police officer Haebe went to the junior high school that child attended, to interview child and another suspect regarding an alleged rape. Child was requested, over the school intercom, to come to the principal's office. When he arrived, he was escorted into the office by Wagenblast, the school counselor.[1] Wagenblast left, Haebe closed the door and an interview was conducted with only the officer and child present. The room was a full-size office with windows that provided a view of the school grounds. Haebe sat behind the principal's desk; child sat across from him. Haebe was dressed in plain clothes and his gun was hidden from view under his jacket. He showed child his badge and stated that he was a police officer. He asked if he could talk with child, who responded, "I guess." Haebe explained that child was not under arrest, could leave if he wanted to, and did not have to speak with him.[2] Haebe did not say that child could have an attorney present. The interview lasted for approximately 20 minutes. At one point, child asked if he

---

[1] Wagenblast testified that students have the option of refusing to speak with police officers and that the school does not punish students for exercising that option. She also testified that at the beginning of each school year, all students receive a handbook that explains that they need not speak with officers. The school policies contained in the handbook are discussed in class, and students are asked to sign a form stating that they have read the handbook. Child testified that he had not read the portion of the handbook that addresses police interviews. Although child's handbook was not offered into evidence, the trial court found that the school policy is written and is read by the students, even if they do not remember it.

[2] On previous occasions, child had been summoned to the principal's office. He knew that he did not have to stay and talk to whoever had summoned him. He testified that, when called to the office, he would usually go there, find out why he was called, and at that point "make my decision whether or not I am going to stay or go back to class." The school counselor testified that students are not punished for refusing to talk to anyone, including the principal.

could call his Children's Services Division (CSD) counselor, and was allowed to. Child left a message for his counselor, who was not avilable at the time of the call.[3]

Within two weeks of the interview, a petition was filed in juvenile court alleging that child had "unlawfully and knowingly, by forcible compulsion," engaged in sexual intercourse with a female. Child's attorney moved to suppress evidence derived from the meeting between child and Haebe, on the ground that the interview constituted "custodial interrogation" and should have been preceded by *Miranda* warnings.[4] The motion was denied and the juvenile court found child to be within its jurisdiction. ORS 419.476(1)(a). Child was placed on bench probation for two years and ordered to complete sex offender treatment.

In Oregon, the test for determining whether *Miranda* warnings are necessary involves an assessment of

> "the extent to which defendant was 'in custody.' In Oregon, a defendant who is in 'full custody' must be given *Miranda*-like warnings prior to questioning. *State v. Magee*, 304 Or 261, 265, 744 P2d 250 (1987). In addition, such warnings may be required in circumstances that, although they do not rise to the level of full custody, *create a 'setting which judges would and officers should recognize to be "compelling." ' "* *State v. Smith*, 310 Or 1, 7, 791 P2d 836 (1990). (Emphasis supplied.)

*See also State v. Carlson*, 311 Or 201, 204, 808 P2d 1002 (1991); *State v. Widerstrom*, 109 Or App 18, 21, 818 P2d 934, *rev den* 312 Or 526 (1991). Child does not contend that he was in "full custody." The only question is whether his interview with Haebe took place under circumstances that had the effect of "compelling" child to testify against himself. Or Const, Art I, § 12.

---

[3] The trial court did not make a finding as to whether child placed the call to his CSD counselor because he felt frightened and in need of assistance, or whether the call was merely an example of the open, non-compelling circumstances under which the interview was conducted.

[4] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). "*Miranda* warnings" inform an individual that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." 384 US at 444.

We begin with an examination of the findings that were made below. The juvenile court carefully compared the facts of this case with those in *State ex rel Juv. Dept. v. Killitz*, 59 Or App 720, 651 P2d 1382 (1982), which the court characterized as *"the* case," and determined that the differences between the two cases supported a conclusion that child here was not entitled to *Miranda* warnings. Although, as the state points out, the law regarding *Miranda* warnings has continued to evolve since *Killitz*, the case remains authoritative with regard to the factors that are relevant to a determination of whether the atmosphere of an interview conducted within the confines of a school would be compelling to a child.

In *Killitz*, a child was summoned to the principal's office and interviewed by a uniformed and armed police officer in the principal's presence. The child, who was subject to punishment for not speaking with the officer, was not told that he could leave. Instead, "the clear impression communicated to [the child was] that he was not free to leave." 59 Or App at 723. We held that the child had been subjected to custodial interrogation and therefore should have been given *Miranda* warnings.

■ Here, the trial court found that child was told at the outset of the meeting that he was not under arrest, did not have to speak and could leave if he wanted to. It also found that he was in familiar surroundings, he was not subject to punishment for refusing to answer the officer's questions, the officer was not in uniform, no firearm was displayed, and no additional authority figures were present during the interview. Although the school interview was "the first time [child] had talked to a police officer," the court concluded that child's familiarity with visits to the principal's office and child's "attitude" about going there reduced the "fright factor" associated with the visit.

■ Our task is to determine whether, in the light of those findings, child's interview with Haebe took place in a "setting which judges would and officers should" recognize as compelling. *State v. Smith, supra*, 310 Or at 7. That decision depends on whether a reasonable person in child's position—that is, a child of similar age, knowledge and experience, placed in a similar environment—would have felt required to stay and answer all of Haebe's questions. Given

that the school setting is more constraining than other environments, it is especially important that police interviews with children, when carried out in that setting, are conducted with due appreciation of the age and sophistication of the particular child. An interview that would not be "compelling" for an adult might nonetheless frighten a child into believing that he or she was required to answer an officer's questions. Accordingly, special precautions should be taken to ensure that children understand that they are not required to stay or answer questions asked of them by a police officer.

Here, the officer informed child that he was not under arrest, did not have to speak and could leave if he wanted to. *See State v. Smith, supra,* 310 Or at 8; *State v. Magee, supra,* 304 Or at 266. The officer clearly made an effort to be unimposing in dress and demeanor. Child is 13 years old and in junior high school. The interview environment was familiar to him. Although he had never been interviewed by a police officer, child possessed considerable experience with the rules regarding interviews in the principal's office. We hold that, given the totality of the circumstances, the setting in which the interview took place was not "compelling." Accordingly, no *Miranda* warnings were required and the juvenile court did not err in denying child's motion to suppress.[5] We reach the same conclusion under federal law.[6]

Affirmed.

---

[5] Child makes no separate claim that his statements were otherwise involuntary.

[6] Federal law requires *Miranda* warnings before a person is subjected to "custodial interrogation." *Miranda v. Arizona, supra,* 384 US at 444. The federal test for determining when a person is in custody is whether "a reasonable person in defendant's situation would have understood himself to be in custody or under restraints comparable to those associated with a formal arrest." *Berkemer v. McCarty,* 468 US 420, 441-42, 104 S Ct 3138, 82 L Ed 2d 317 (1984); *State v. Brown,* 100 Or App 204, 211, 785 P2d 790, *rev den* 309 Or 698 (1990) (articulating federal test).