901 P.2d 1247

**In the Matter of Appeal in NAVAJO COUNTY JUVENILE ACTION NO. JV91000058.**

**No. 1 CA–JV 94–0091.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 7, 1995.

Myrna J. Parker, Navajo County Public Defender, Holbrook, for appellant.

Melvin R. Bowers, Jr., Navajo County Atty. by Bradley W. Carlyon, Deputy County Atty., Holbrook, for appellee.

## OPINION

FIDEL, Judge.

The appellant juvenile was found delinquent after confessing to his junior high school principal that he had set a fire in a student locker. We hold that appellant's statements were voluntary, that the juvenile court correctly found them admissible into evidence, and that the principal was neither obliged to give *Miranda*[1] warnings to the juvenile nor to give him the warnings required of peace officers and court officers pursuant to Rule 7(a), Arizona Rules of Procedure for the Juvenile Court, 17B Ariz.Rev. Stat.Ann. ("A.R.S.").

### Background

Appellant started a fire in a locker at Show Low Junior High School, which burned out before doing much harm. Dr. Norman Ehmke, the principal, investigated, intending to report his findings to the police. Reports from students and faculty led Dr. Ehmke to appellant, who initially denied involvement. Appellant was asked to remain in the vicinity of the principal's office, and did so. After questioning other students, Dr. Ehmke questioned appellant again.

Appellant was neither restrained nor threatened. Dr. Ehmke testified that appellant "may have been told that if there was a violation of the law police would be involved."

But Dr. Ehmke did not tell appellant of his rights pursuant to Rule 7(a) or *Miranda.*

In their second interview, appellant admitted that he had started the locker fire. Dr. Ehmke called the police and, when an officer arrived, had appellant repeat his admission.

In delinquency proceedings in the juvenile court, appellant sought and received a voluntariness hearing concerning his confession to Dr. Ehmke.[2] After the juvenile court found appellant's statements admissible, appellant entered a plea agreement and was ordered to serve 40 days in juvenile detention, followed by one year on probation.

### Custodial Interrogation

Rule 7(a), Arizona Rules of Juvenile Procedure, provides in part:

No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: the statement was voluntary and before making the statement the child was informed and intelligently comprehended that the child need not make a statement, that any statement made might be used in a court proceeding, and that the child had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if the child or the child's parents, guardian or custodian could not afford an attorney, the court would appoint one for the child prior to any questioning.

This warning, known as "the juvenile *Miranda* warning," need only be given to a juvenile suspect under circumstances in which *Miranda* warnings would be required. *In re Maricopa County Juvenile Action No. JV–501010*, 174 Ariz. 599, 601, 852 P.2d 414,

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In general, *Miranda* requires that, before custodial interrogation begins, criminal suspects must be advised that they have the right to remain silent, to consult with counsel, and to have counsel appointed if the suspect cannot afford counsel, and that anything that they say may be used against them in a court of law. *Id.* at 444, 86 S.Ct. at 1612.

2. The record does not indicate whether *Miranda* warnings or Rule 7(a) warnings were given before appellant repeated his confession to the police. Our record on appeal concerns only the voluntariness of appellant's statements to Dr. Ehmke. As appellant entered a plea agreement after the court accepted the voluntariness of the statements to Dr. Ehmke, the question of admissibility of the statements to the police did not arise.

416 (App.1993) (interpreting former Rule 18, now incorporated in Rule 7(a), and citing *State v. Berlat,* 136 Ariz. 488, 489, 666 P.2d 1097, 1098 (App.1983)). The question arises whether Dr. Ehmke, a state employee responsible for discipline and punishment at appellant's school, was required to give appellant such a warning before questioning him about the locker fire.

■ *Miranda* warnings are a prophylactic measure, required at the outset of custodial interrogation, to prevent the state from extracting involuntary confessions from a criminal suspect. *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612. *Miranda* applies to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.; see also State v. Carter,* 145 Ariz. 101, 105, 700 P.2d 488, 492 (1985). The triggering event for *Miranda* warnings is custodial interrogation by state law enforcement agents. *Miranda,* 384 U.S. at 444–56, 86 S.Ct. at 1612–13; *see State v. Wright,* 161 Ariz. 394, 397, 778 P.2d 1290, 1293 (App.1989).

■ Law enforcement agents include government employees "whose primary mission is to enforce the law." *In re Victor F.,* 112 Cal.App.3d 673, 169 Cal.Rptr. 455, 458 (1980). School principals, though responsible for administration and discipline within the school, are not law enforcement agents. *Id.; Massachusetts v. Snyder,* 413 Mass. 521, 597 N.E.2d 1363, 1369 (1992). But a government employee who is not a law enforcement officer, such as a school principal, may be bound by *Miranda* when acting "as an instrument of the police [or] as an agent of the police pursuant to a scheme to elicit statements from the defendant by coercion or guile." *Snyder,* 597 N.E.2d at 1369. We therefore consider whether Dr. Ehmke acted as an instrument or agent of the police when he investigated the attempted arson.

We conclude that Dr. Ehmke did not act as an instrument or agent of the police. As a principal responsible for safety, administration, and discipline in his school, Dr. Ehmke had the independent responsibility to investigate a student infraction committed on school grounds during school hours. He did not act at the behest or direction of the police; he initiated and conducted the investigation on his own. That Dr. Ehmke intended to report the results of his investigation to the police did not alone make him an agent or instrumentality of the police or oblige him to give "juvenile *Miranda*" warnings to his suspect. *See Snyder,* 597 N.E.2d at 1369.

In short, Dr. Ehmke was not an agent or instrumentality of the police, nor did he engage in custodial interrogation; and the absence of juvenile *Miranda* warnings did not render appellant's confession to Dr. Ehmke inadmissible.

### Voluntariness

■ Appellant also asserts that his confession should have been suppressed because the State failed to rebut the presumption that it was involuntary and coerced. Confessions are presumed to be involuntary. To establish their admissibility, the State must prove the contrary by a preponderance of the evidence. *Maricopa County Juvenile Action No. JV–501010,* 174 Ariz. at 601, 852 P.2d at 416 (citing *State v. Amaya–Ruiz,* 166 Ariz. 152, 164, 800 P.2d 1260, 1272 (1990)). To be voluntary, "[a] confession 'must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'" *Id.* (quoting *Malloy v. Hogan,* 378 U.S. 1, 7, 84 S.Ct. 1489, 1492, 12 L.Ed.2d 653 (1964)).

We find that the State met its burden of proof, presenting substantial evidence that appellant's statements were voluntary, not coerced. Dr. Ehmke testified without contradiction that he made no threats or promises; he used no physical force, and questioning took place in a familiar setting. Appellant introduced no evidence of coercion, nor did he claim that his ability to reason was impaired; his only objection was lack of *Mi-*

*randa* warnings, and we have explained above that such warnings were not required.

### Conclusion

Because appellant's confession to Dr. Ehmke was neither involuntary nor acquired in violation of *Miranda* or Rule 7(a), we find no error on appeal. The judgment of the trial court is affirmed.

KLEINSCHMIDT, P.J., and CONTRERAS, J., concur.