43 P.3d 605

**In re JORGE D.**

**No. 1 CA–JV 01–0045.**

Court of Appeals of Arizona,
Division 1, Department D.

April 9, 2002.

Patricia A. Orozco, Yuma County Attorney, by Mark Edward Hessinger, Deputy County Attorney, Yuma, Attorneys for Appellee.

Paul J. Mattern, Phoenix, Attorney for Appellant.

## OPINION

NOYES, Judge.

¶ 1 Jorge D. ("Juvenile") appeals from an adjudication finding him delinquent for having committed aggravated assault, and from a disposition order committing him to the Arizona Department of Juvenile Corrections until his eighteenth birthday. The main issue on appeal relates to the admissibility of Juvenile's confession. Juvenile moved to suppress on grounds that his confession to a police officer in the school principal's office was obtained in violation of *Miranda*,[1] and was also involuntary. The juvenile court denied the motion to suppress without holding a hearing. Because the record is insufficient to determine the merits of the *Miranda* and voluntariness issues, we remand for a hearing on Juvenile's motion to suppress. We have jurisdiction to consider this appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 8–235(A) (Supp.2001), 12–120.21(A)(1) (1992), 13–4031 (2001), and 13–4033 (2001).

## FACTS

¶ 2 On January 18, 2001, the victim was driving a school bus full of students when one of them threw an empty plastic bottle that hit her on the back of the head. The driver did not see who threw the bottle, but just before it happened she saw some students "grouping in the aisle," glancing at her, and "giggling." After she was hit, the driver stopped the bus, radioed her dispatcher, and drove back to the school. The returning bus was met by the school principal and Officer Sonny Seale of the Yuma Police Department, who was "doing bus duty" at the school that day. The bus driver ordered the three students she had seen in the aisle to leave the bus, and she began to drive away. When Juvenile began "really laughing hard," the driver stopped and asked if he thought this was funny. Juvenile said, "This is the funniest thing I ever seen." The driver then ordered him off the bus, too.

¶ 3 The next morning, Juvenile and seven other students were summoned, one at a time, to the school principal's office for questioning. The principal was present, but Officer Seale did the questioning—with no advice of *Miranda* rights. Each of the other students denied throwing the bottle; one of them stated that Juvenile threw the bottle. Juvenile was the sixth student questioned by

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). "In general, *Miranda* requires that, before custodial interrogation begins, criminal suspects must be advised that they have the right to remain silent, to consult with counsel, and to have counsel appointed if the suspect cannot afford counsel, and that anything that they say may be used against them in a court of law." *Navajo County Juv. Action No. JV91000058*, 183 Ariz. 204, 205 n. 1, 901 P.2d 1247, 1248 n. 1 (App.1995) (citing *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602).

the officer. He confessed to throwing the bottle. The principal then contacted Juvenile's parents, and the State filed a delinquency petition charging him with aggravated assault.

¶ 4 After the bus driver testified at the adjudication hearing, the State sought to introduce Juvenile's confession through the testimony of Officer Seale. Juvenile's counsel objected and argued that the confession should be suppressed on the basis of both a *Miranda* violation and a lack of voluntariness. The juvenile court denied the motion, stating, "Miranda is not required. There is nothing at this point to indicate involuntariness." Officer Seale then testified that Juvenile confessed that, just before he threw the bottle, he had said to the other kids, "Watch this. I'm going to hit the bus driver." The State rested.

¶ 5 Juvenile was the only other witness. He testified that he threw the bottle at someone seated behind the driver and he was sorry he hit the driver. The court adjudicated Juvenile delinquent, stating, "I find that the juvenile has been proven guilty beyond a reasonable doubt of this charge because he told the other kids 'watch this' before he threw the bottle. So based on all the testimony I find that he is responsible."

## DISCUSSION

*1. The Possible Need for Miranda Warnings*

¶ 6 Juvenile contends that "[n]o reasonable child, based on the totality of the circumstances, would feel he was free to leave" during the officer's questioning, and therefore his confession was obtained while he was in custody, and it should have been suppressed because the officer did not advise

Juvenile of his *Miranda* rights. We will not disturb the juvenile court's ruling regarding suppression absent clear error. *See State v. Rodriguez*, 186 Ariz. 240, 245, 921 P.2d 643, 648 (1996).

¶ 7 "Police officers are required to give *Miranda* warnings only when a defendant is undergoing custodial interrogation." *Maricopa County Juv. Action No. J–84357*, 118 Ariz. 284, 289, 576 P.2d 143, 148 (App. 1978). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody [2] or otherwise deprived of his freedom of action in any significant way." [3]

¶ 8 The issue is whether Juvenile was in custody when he was being questioned by the police officer in the principal's office. Counsel have not cited, and we have not found, any Arizona cases with similar facts. We therefore look to other cases for guidance.

¶ 9 In *State ex rel. Juvenile Department of Lane County v. Killitz*, 59 Or.App. 720, 651 P.2d 1382 (1982), a junior high school student was summoned to the principal's office and questioned by a police officer about a burglary. *Id.* at 1383. Neither the officer nor the principal told the student that he was free to leave. *Id.* The student made incriminating statements, and a trial court later denied his motion to suppress. *Id.*

¶ 10 The Oregon Court of Appeals reversed; it held that the trial court erred by denying the motion to suppress. *Id.* The court based its holding on three factors: Defendant was not advised that he was free to leave, he was questioned as a suspect, and he could not be said to have come voluntarily to the place of questioning. *Id.* at 1384.

¶ 11 In *State ex rel. Juvenile Department of Multnomah County v. Loredo*, 125 Or.

2. "Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving *Miranda* protection, the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)).

3. *Juv. Action No. JV91000058*, 183 Ariz. at 206, 901 P.2d at 1249 (quoting *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602); *see also State v. Smith*, 197 Ariz. 333, 335, ¶ 4, 4 P.3d 388, 390 (App.1999) (employing an objective test to determine "whether under the totality of the circumstances a reasonable person would feel that he was in custody or otherwise deprived of his freedom of action in a significant way") (quoting *State v. Carter*, 145 Ariz. 101, 105, 700 P.2d 488, 492 (1985)).

App. 390, 865 P.2d 1312 (1993), a thirteen-year-old student was summoned to the principal's office for questioning by a police officer. *Id.* at 1313. The officer showed his badge, stated that he was a police officer, and asked the student if they could speak. *Id.* The student agreed. *Id.* The officer explained that the student was not under arrest, could leave if he wished, and did not have to speak with him. *Id.* at 1313–14.

¶ 12 The court found that the student was not in custody for purposes of *Miranda:*

> Here, the officer informed child that he was not under arrest, did not have to speak and could leave if he wanted to. The officer clearly made an effort to be unimposing in dress and demeanor. Child is 13 years old and in junior high school. The interview environment was familiar to him. Although he had never been interviewed by a police officer, child possessed considerable experience with the rules regarding interviews in the principal's office. We hold that, given the totality of the circumstances, the setting in which the interview took place was not "compelling." Accordingly, no *Miranda* warnings were required and the juvenile court did not err in denying child's motion to suppress.

*Id.* at 1315 (citations omitted).

¶ 13 In *State v. D.R.*, 84 Wash.App. 832, 930 P.2d 350 (1997), the Washington Court of Appeals relied on *Killitz* and *Loredo* to find that a fourteen-year-old student was in custody when he was called into an assistant principal's office and questioned by a detective about incest. *Id.* at 351–53. The detective advised the student that he did not have to answer questions, but he also told the student, "[W]e know you've been havin' sexual intercourse with your sister...." *Id.* at 352. The appellate court concluded:

> The facts of *Loredo* are strikingly similar to those in this case. The most significant difference is that D.R. was not told he was free to leave, a factor on which the Oregon court relied heavily in both *Loredo* and *Killitz*. We agree this factor is significant, and conclude that D.R. was in custody, in light of [the detective's] failure to inform him he was free to leave, D.R.'s youth, the naturally coercive nature of the

school and principal's office environment for children of his age, and the obviously accusatory nature of the interrogation. [The detective] was required to formally advise D.R. of his rights under *Miranda*, and the trial court erred in admitting D.R.'s inculpatory statements.

*Id.* at 353. Finding that the error was not harmless, the court reversed and remanded. *Id.* at 354.

¶ 14 In *State v. Doe*, 130 Idaho 811, 948 P.2d 166 (Idaho Ct.App.1997), the Idaho Court of Appeals found that the statements a ten-year-old boy made to a detective at school should have been suppressed because they were made during a custodial interrogation without *Miranda* warnings. *Id.* at 173–74. A school staff member escorted the boy to the faculty room for questioning by the detective, who the boy knew was a police officer. *Id.* The detective told the boy the purpose of the interview and that he was not being arrested, but did not advise him of his *Miranda* rights. The boy confessed. *Id.*

¶ 15 The Idaho appellate court first noted that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Id.* at 170 (quoting *Stansbury v. California*, 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)). The court further noted that "[t]he relevant inquiry is how a reasonable person in the suspect's position would have understood his situation." *Id.* at 171 (citing *Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). The court then applied the following objective test and affirmed a magistrate's order suppressing the statements:

> We conclude that the objective test for determining whether an adult was in custody for purposes of *Miranda*, giving attention to such factors as the time and place of the interrogation, police conduct, and the content and style of the questioning, applies also to juvenile interrogations, but with additional elements that bear upon a child's perceptions and vulnerability, including the child's age, maturity and experience with law enforcement and the

presence of a parent or other supportive adult. In applying this standard to the facts before us, we ask whether a ten-year-old in [the boy's] position would have reasonably considered his freedom of action to be curtailed in a significant way, i.e., to a degree associated with a formal arrest. *Id.* at 173.

¶ 16 We are persuaded that the above-stated objective test is the proper one to apply. However, because the juvenile court rather summarily denied the motion to suppress, the record contains insufficient facts to apply the test here.

### 2. No Harmless Error

¶ 17 Despite any error by the juvenile court in denying the motion to suppress, we would affirm if the error was harmless. *See Rodriguez*, 186 Ariz. at 246, 921 P.2d at 649. "When statements should have been suppressed as violative of *Miranda*, 'the appellate court ... reviews the remainder of the evidence against the defendant to determine whether the admission of the confession was harmless beyond a reasonable doubt.'" *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).

¶ 18 The State's case consisted of two witnesses: the bus driver, who did not see who threw the bottle at her; and the officer, who testified that Juvenile confessed to throwing the bottle at the bus driver. Because Juvenile's confession was the main evidence against him, any error in admitting his confession was not harmless beyond a reasonable doubt. *See id.* at 246–47, 921 P.2d at 649–50.

### 3. Voluntariness

¶ 19 Juvenile also asserts that his confession should be suppressed because the State failed to rebut the presumption that it was involuntary. "Voluntariness and *Miranda* are two separate inquiries." *State v. Montes*, 136 Ariz. 491, 494, 667 P.2d 191, 194 (1983). Preclusion of evidence obtained in violation of *Miranda* is based on the Fifth Amendment privilege against self-incrimination. *Doe*, 948 P.2d at 169 (citing *Miranda*, 384 U.S. at 463–69, 86 S.Ct. 1602). Preclu-

sion of involuntary confessions is based on the Due Process Clause of the Fourteenth Amendment and applies to confessions that are the product of coercion or other methods offensive to due process. *Id.*

¶ 20 Confessions are presumed to be involuntary, and the State must rebut this presumption by a preponderance of the evidence. *In re Timothy C.*, 194 Ariz. 159, 162, ¶ 13, 978 P.2d 644, 647 (App.1998); *see also Juv. Action No. JV91000058*, 183 Ariz. at 206, 901 P.2d at 1249. In this case, however, the present record is inadequate to decide whether the State met this burden of proof.

### 4. The Proper Remedy

¶ 21 Arizona Rule of Procedure for the Juvenile Court ("Rule") 91(F) states, "Upon consideration of the appeal, the appellate court may: ... (4) Take such other actions as to the court may appear just and proper under the circumstances." This court applied that language, previously found in former Rule 27(a)(4), in *Maricopa County Juvenile Action No. JV–110720*, 156 Ariz. 430, 752 P.2d 519 (App.1988). In that case, a juvenile admitted a burglary and was found delinquent. *Id.* at 431, 752 P.2d at 520. However, a question existed as to the voluntariness of his plea with respect to restitution. *Id.* at 433, 752 P.2d at 522. This court remanded for a voluntariness hearing. *Id.* at 433–34, 752 P.2d at 522–23.

¶ 22 In *Maricopa County Juvenile Action No. JV–501010*, 174 Ariz. 599, 852 P.2d 414 (App.1993), the juvenile appealed from an adjudication of delinquency. *Id.* at 600, 852 P.2d at 415. He argued that his statements to the officer should have been suppressed because they were induced by a promise or threat. *Id.* We remanded the case to the juvenile court for additional findings:

If the court accepts the juvenile's version, the statements and the evidence which flowed from them should be suppressed and the finding of delinquency set aside. If the state has untainted evidence, it may proceed against the juvenile anew. If the

court accepts the officer's version, it may affirm the finding of delinquency.

*Id.* at 602, 852 P.2d at 417.

¶ 23 We conclude that the appropriate remedy in this case is a remand to the juvenile court for an expedited evidentiary hearing on the *Miranda* and voluntariness issues. *See, e.g., State v. Jessen,* 134 Ariz. 458, 461, 657 P.2d 871, 874 (1982) (remanding to determine voluntariness); *State v. Maloney,* 101 Ariz. 111, 112–13, 416 P.2d 544, 545–46 (1966) (same); *see also North Carolina v. Buchanan,* 353 N.C. 332, 543 S.E.2d 823, 828 (2001) (remanding for a determination whether the defendant was in custody for *Miranda* purposes).

¶ 24 If, after the evidentiary hearing, the court finds either that Juvenile was in custody when he confessed or that his confession was involuntary, it should suppress the confession, vacate the adjudication and disposition, and set the matter for a new adjudication hearing. *See Juv. Action No. JV–501010,* 174 Ariz. at 602, 852 P.2d at 417. (If the court finds that Juvenile was in custody but his confession was voluntary, the confession is inadmissible in the State's case-in-chief but may be admissible for impeachment purposes if Juvenile testifies. *See State v. Vickers,* 129 Ariz. 506, 511, 633 P.2d 315, 320 (1981).)

*5. Defects in the Transcript*

¶ 25 Juvenile also argues that defects in the disposition hearing transcript denied him the opportunity for adequate and effective appellate review of that hearing. This transcript is from a tape recording of the proceedings. Juvenile contends that crucial portions of the tape were inaudible, including "vital discussion, argument, and deliberation."

¶ 26 "A criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." *United States v. Carrillo,* 902 F.2d 1405, 1409 (9th Cir.1990). Nevertheless, a failure to record verbatim all proceedings does not per se require reversal. *Id.* Rather, a defendant must demonstrate on appeal that specific prejudice has occurred before a reviewing court will contemplate reversal. *Id.* at 1409–10.

¶ 27 Here, the juvenile court's entire statement in pronouncing disposition was transcribed without apparent error. The record does reflect a number of "inaudibles," mainly during remarks from the probation officer, but we find no apparent prejudice to Juvenile. If those "inaudibles" were a real problem, counsel could have made a timely effort to have the record corrected or reconstructed. *See* ARCAP 11(e).

## CONCLUSION

¶ 28 The matter is remanded for further proceedings not inconsistent with this decision. At the conclusion of those proceedings, the appeal rights set forth in Rules 88 to 93 shall apply.

CONCURRING: PHILIP HALL, Presiding Judge, and WILLIAM F. GARBARINO, Judge.