[No. 13892–5–III.    Division Three.    May 14, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v.
AUGUSTIN VALDEZ, *Appellant*.

*Hugh M. Spall, Jr.*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Bruce Hanify* and *Lauri M. Boyd, Deputies*, for respondent.

MUNSON, J. — Augustin Valdez was convicted on a jury verdict of guilty of second degree rape. He appeals the denial of his pretrial motion to suppress evidence. He assigns error to the court's failure to enter written findings in support of the order denying his motion to suppress. He also challenges the portion of his sentence which requires him to submit to polygraph testing.

As she was walking home late at night, Diane Painter was accosted and raped by a man she later identified as Mr. Valdez. He was arrested early Friday morning, August 20. At his preliminary hearing at 9 a.m. that same day, the judge asked Mr. Valdez whether he wanted to have a lawyer appointed to represent him. He nodded. The court appointed counsel.

That afternoon, Detective Brenda George received a report on the matter. After she interviewed the victim she went to the jail, accompanied by an interpreter. She had assumed Mr. Valdez would have his preliminary hearing the following Monday morning. Mr. Valdez was given *Miranda* warnings through the interpreter. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3d 974 (1966). He indicated he understood his rights and was willing to talk to the detective. At the end of the

interview Detective George asked him if he would consent to have samples of his bodily fluids taken. He agreed to have samples taken. The following Monday afternoon, the detective returned and had Mr. Valdez sign the consent forms. She testified she was not aware an attorney had been appointed for Mr. Valdez. There is no evidence Mr. Valdez was advised of his *Miranda* rights during this second visit.

While they were waiting for someone to take Mr. Valdez's blood, he gave the detective a piece of paper written in Spanish. He indicated he had written on it and wanted it read in court.

Mr. Valdez never told the detective he wanted to speak with an attorney. The piece of paper was translated into English and contained a statement admitting intercourse with Ms. Painter but claiming it was consensual. Before trial, Mr. Valdez moved to suppress the writing. Following an evidentiary hearing, the court orally denied his motion and the matter proceeded to trial. The statement was admitted at trial.

Mr. Valdez contends failure to suppress the written statement he gave Detective George was error.

Once an accused has asserted his Fifth Amendment right to counsel, custodial interrogation must cease unless the accused initiates further communication or until counsel has been made available to the accused. *Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981). The Sixth Amendment likewise guarantees the right to counsel at postarraignment interrogations. *Michigan v. Jackson*, 475 U.S. 625, 632, 106 S. Ct. 1404, 89 L. Ed. 2d 631 (1986); *State v. Royer*, 58 Wn. App. 778, 794 P.2d 1325 (1990). While the right to counsel does not depend on a request by the accused, if the right has been asserted a subsequent waiver is presumed invalid, even if *Miranda* warnings have been given, unless the defendant initiates communication. *Michigan v. Harvey*, 494 U.S. 344, 345, 110 S. Ct. 1176, 108 L. Ed. 2d 293 (1990); *Jackson*, 475 U.S. at 633. If the accused does not as-

sert the right to counsel, then once he has been adequately advised of his right to counsel he may validly waive that right by agreeing to talk to police detectives. *Patterson v. Illinois*, 487 U.S. 285, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988).

The threshold issue, then, is whether Mr. Valdez had asserted his right to counsel prior to Detective George initiating communication with him. The only evidence on this point is that at his preliminary hearing, asked whether he wanted the court to appoint a lawyer for him, Mr. Valdez nodded; an attorney was appointed at that time. In its oral ruling, the court did not indicate whether this evidenced Mr. Valdez's invocation of the right to counsel.

In *Jackson*, 475 U.S. at 635, defendants were held to have asserted their right to counsel when they requested appointment of counsel during their arraignments. The State argued that a request for counsel made during arraignment did not evidence a request to have counsel present during interrogation. *Jackson*, 475 U.S. at 632–33. The court held, "Doubts must be resolved in favor of protecting the constitutional claim. This settled approach to questions of waiver requires us to give a broad, rather than a narrow, interpretation to a defendant's request for counsel—we presume that the defendant requests the lawyer's services at every critical stage of the prosecution." *Jackson*, 475 U.S. at 633.

By indicating his desire to have counsel appointed, Mr. Valdez asserted his right to counsel. When Detective George initiated communication with him after he had asserted his right and before he had an opportunity to talk with his lawyer, she violated his right to counsel.

The State attempted to show Detective George was not aware Mr. Valdez had been appointed counsel. Once any state actors become aware of the defendant's assertion of the right to counsel, the Sixth Amendment requires that knowledge be imputed to all state actors. *Jackson*,

475 U.S. at 634. The knowledge of the prosecutor who was present at Mr. Valdez's preliminary hearing must be imputed to Detective George.

Failure to suppress the statement Mr. Valdez gave to Detective George, after she initiated contact with him in violation of his right to counsel, was error. The State argues any error was harmless. An error of constitutional magnitude is harmless only if this court is convinced beyond a reasonable doubt any reasonable fact finder would reach the same result if the error had not occurred. *State v. Wethered*, 110 Wn.2d 466, 755 P.2d 797 (1988). Apart from the testimony of the victim, the State presented no evidence directly linking Mr. Valdez with the rape. In light of evidence Ms. Painter had been drinking prior to the rape, and minor inconsistencies in her testimony, it is not certain beyond reasonable doubt that any reasonable fact finder would have convicted Mr. Valdez. The error was not harmless.

Reversed and remanded for retrial.

SWEENEY, C.J., and THOMPSON, J., concur.

Review denied at 130 Wn.2d 1011 (1996).